IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PATRICK L. SHERMAN                                                                              PLAINTIFF
ADC #96304

V.                                        NO.  5:07cv00208 JMM

KIM LUCKETT                                                                                     DEFENDANT

### ORDER

On August 14, 2007, Plaintiff, a pro se inmate currently confined to the Maximum Security Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

### I.  Sua Sponte Dismissal

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Id. § 1915(g).

Section 1915(g) has been held constitutional by Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least four prior complaints dismissed as either frivolous or for failure to state a claim upon which relief could be granted.  In fact, since 1991, Plaintiff has filed twenty-six separate lawsuits in the United States District Court for the Eastern District of Arkansas, all but three challenging the conditions of his confinement.  Of these twenty-six lawsuits, two have been dismissed for failure to state an actionable § 1983 claim,[1] two have been dismissed as frivolous,[2] and eleven have been dismissed based on Plaintiff's prior three strikes.[3]  Plaintiff has thus amassed four strikes prior to filing this action.

---

[1] See Sherman v. Correctional Medical Services, 5:01CV00161 (filed May 14, 2001); and Sherman v. Norris, 5:97CV00405 (filed August 27, 1997).

[2] See Sherman v. Harmon, 2:06CV00173 (filed August 11, 2006) (failure to comply with the Court's order to amend); and Farver, et al. v. Evans, 2:01CV00224 (filed December 3, 2001) (failure to comply with the Court's order to either submit the $150.00 statutory filing fee or to file an amended in forma pauperis application).

[3] See Sherman v. Arkansas Department of Correction, 5:07CV00201 (filed July 31, 2007); Sherman v. Arkansas Department of Correction, 5:07CV00193 (filed July 25, 2007); Sherman v. Arkansas Department of Correction, 5:07CV00194 (filed July 25, 2007); Sherman v. Arkansas

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury. Plaintiff alleges since his incarceration in 1991 that he has repeatedly been subject to the assignment of administrative segregation without due process of law (i.e., hearings, a written explanation by the Classification Committee stating the reasons and evidence justifying his assignments, no record of his objections to his assignments, and no ability to testify, present evidence, or call witnesses in his own behalf). On July 25, 2007, Plaintiff states he was transferred from the Varner Unit without incident to the Tucker Maximum Security Unit and assigned without a hearing even though his custody status is C-2 and Tucker is a C-5 unit.

### III. Conclusion

For the reasons set forth herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

---

Department of Correction, 5:06CV00051 (filed March 6, 2006); Sherman v. Clark County, 4:06CV00136 (filed January 30, 2006); Sherman v. Norris, 5:04CV00370 (filed October 19, 2004); Sherman v. Davis, 4:04CV01234 (filed October 19, 2004); Sherman v. Wright, 4:04CV01207 (filed October 13, 2004); Sherman v. Forster, 4:04CV01320 (filed October 3, 2004); Sherman v. Scott, 5:03CV00294 (filed August 6, 2003); and Sherman v. Arkansas Department of Correction, 5:02CV00339 (filed September 18, 2002).

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 30th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE